The **EXCHANGE AND SAVINGS BANK OF BERLIN**

v.

**UNITED STATES of America.**

**Civ. No. 14790.**

United States District Court
D. Maryland.

Jan. 31, 1964.

Lawrence A. Kaufman, Baltimore, Md. (Cable & McDaniel, Baltimore, Md., on the brief), for plaintiff.

Thomas J. Kenney, U. S. Atty., Baltimore, Md., and Moshe Schuldinger, Atty., Dept. of Justice, Washington, D. C., for defendant.

THOMSEN, Chief Judge.

The government has moved to dismiss this action for the recovery of income taxes paid for the years 1957–58–59, on the ground that it was begun more than two years after taxpayer had filed a written waiver of the requirement that it be mailed a notice of disallowance of its claim for refund.

Sec. 6532, I.R.C. of 1954, as amended by sec. 89(b), Technical Amendments Act of 1958, P.L. 85–866, 72 Stat. 1606, titled "Periods of Limitation on Suits" provides:

"(a) *Suits by taxpayers for refund.*

"(1) *General rule.*—No suit or proceeding under section 7422(a) for the recovery of any internal revenue tax, penalty, or other sum, shall be begun before the expiration of 6 months from the date of filing the claim required under such

section unless the Secretary or his delegate renders a decision thereon within that time, nor after the expiration of 2 years from the date of mailing by certified mail or registered mail by the Secretary or his delegate to the taxpayer of a notice of the disallowance of the part of the claim to which the suit or proceeding relates.

"(2) *Extension of time.*—The 2-year period prescribed in paragraph (1) shall be extended for such period as may be agreed upon in writing between the taxpayer and the Secretary or his delegate.

"(3) *Waiver of notice of disallowance.*—If any person files a written waiver of the requirement that he be mailed a notice of disallowance, the 2-year period prescribed in paragraph (1) shall begin on the date such waiver is filed.

"(4) *Reconsideration after mailing of notice.*—Any consideration, reconsideration, or action by the Secretary or his delegate with respect to such claim following the mailing of a notice by registered mail of disallowance shall not operate to extend the period within which suit may be begun."

### Facts

The following facts appear from the pleadings, exhibits and uncontroverted statements made at the hearing on the motion.

On March 6, 1961, within two years from the respective dates of payment, taxpayer filed three claims for refund in the amounts of $8,920.11, $6,741.60 and $7,216.95 for the years 1957, 1958 and 1959 respectively.

A 30-day letter was sent to taxpayer on May 18, 1961, which stated that the attached report of examination disclosed no grounds for reduction in tax liability, requested taxpayer to indicate on the enclosed receipt form whether it agreed with the findings shown in the report, advised taxpayer of its right to protest, and said: "If you agree with the find-

ings, please sign and return the enclosed Form 2297 (Waiver of Notification of Claim Disallowance)".

Although taxpayer did not agree with the findings, it signed and returned the waiver, which contained the statement:

"The taxpayer understands that the filing of this waiver is irrevocable, and will commence the running of the two-year period provided for in Section 6532(a) (1) of the Internal Revenue Code of 1954 for filing suit under the claim(s) as if a notice of disallowance had been sent to the taxpayer by registered mail."

Taxpayer filed no protest, but on May 23, 1961, its accountants wrote to its Baltimore counsel as follows: "We are enclosing the Notice of Disallowance [actually the 30-day notice] on the claims for the Exchange and Savings Bank of Berlin, Maryland. The bank has signed the necessary waiver forms and forwarded them. Please take the necessary action to enter suit for these claims."

By inadvertence, and contrary to the custom when a waiver has been filed, the District Director sent to the taxpayer by certified mail, on July 5, 1961, notices of disallowance of the claims, each of which read as follows:

"In accordance with the provisions of existing internal revenue laws, this notice of disallowance in full of your claim or claims is hereby given.

"No suit or proceeding in any court for the recovery of any internal revenue tax, penalty, or other sum which is a part of the claim for which this notice of disallowance is issued, may be begun after the expiration of two years from the date of mailing of this letter."

The present action was instituted on June 25, 1963, more than two years after the filing of the waivers but less than two years after the issuance of the notices of disallowance. No reason is offered for not filing the action promptly; but it appears that when the complaint was prepared in the spring of 1963 the lawyer who prepared the complaint, who had not

been with the firm in 1961, read the notices of disallowance but failed to read the letter from the accountants referring to the waivers, and was thereby led to delay the filing of the complaint.

*Discussion*

■ The requirements of sec. 6532 are jurisdictional; United States v. Chicago Golf Club, 7 Cir., 84 F.2d 914, 106 A.L.R. 209; Pacific Mills v. Nichols, 1 Cir., 72 F.2d 103; Fajardo Sugar Growers Assn. v. United States, 2 Cir., 264 F.2d 671. This Court cannot adopt taxpayer's argument that paragraph (a) (4) of sec. 6532 applies only to paragraph (a) (1) and not to paragraph (a) (3); the applicable regulation[1] answers that argument. Nor can the Court agree with taxpayer's suggestion that the government elected to ignore the waivers and treat the notices as controlling; the sending of the notices was clearly inadvertent. No case has been cited or found which decides the precise point at issue in this case. The few opinions which have dealt with analogous questions under sec. 6532 and its predecessor statutes have not been uniform in their approach to the problems involved. See Beardsley v. United States, D.Conn., 126 F.Supp. 775 (1954), and cases cited therein. Some have strictly enforced the limitation provision; others have applied equitable principles to avoid a harsh result which the judges felt could not have been intended by the Congress.

■■ A judge must be careful not to hold the government estopped to set up the defense of limitations in situations where there is any suggestion of collusion, or in a way which would either invite collusion or defeat the purpose of the statute. In this instance, the statute, in paragraph (2) of sec. 6532(a), permits an extension of the 2-year period of limitations by an agreement in writing between the taxpayer and the Secretary or his delegate. Thus there is clear legislative recognition that the 2-year period of limitation is not inflexible. It will do no violence to the spirit of sec. 6532 in its entirety to hold that under the circumstances of this case the inadvertent action of the Director in sending notices of disallowance which stated that no suit "may be begun after the expiration of two years from the date of mailing this letter", coupled with the reliance, albeit careless, by taxpayer's lawyer on that statement, estops the government from successfully asserting that this action must be dismissed because not brought within two years after the filing of the waivers.

The motion to dismiss is hereby denied.

1. Sec. 301.6532–1 of Treasury Regulations on Procedure and Administration (1954 Code), as amended by T.D. 6425, 1959, 2 Cum.Bull. 384, 26 C.F.R., sec. 301.6532–1, provides in pertinent part:

"(c) The taxpayer may sign a waiver of the requirement that he be mailed a notice of disallowance. Such waiver is irrevocable and will commence the running of the 2-year period described in paragraph (a) of this section on the date the waiver is filed. The waiver shall set forth:

"(1) The type of tax and the taxable period covered by the taxpayer's claim for refund;

"(2) The amount of the claim;

"(3) The amount of the claim disallowed;

"(4) A statement that the taxpayer agrees the filing of the waiver will commence the running of the 2-year period provided for in section 6532(a) (1) as if a notice of disallowance had been sent the taxpayer by either registered or certified mail.

"The filing of such a waiver prior to the expiration of 6 months from the date the claim was filed does not permit the filing of a suit for refund prior to the time specified in section 6532(a) (1) of paragraph (2) of this section.

"(d) Any consideration, reconsideration, or other action with respect to a claim after the mailing by registered mail prior to September 3, 1958, or by either registered or certified mail on or after September 3, 1958, of a notice of disallowance or after the execution of a waiver referred to in paragraph (c) of this section, shall not extend the period for bringing suit or other proceeding under section 7422(a)."