**WESTERN INTERNATIONAL HOTELS COMPANY**

v.

**The UNITED STATES.**

**No. 156–67.**

United States Court of Claims.

July 17, 1968.

Before COWEN, Chief Judge, and LARAMORE, DURFEE, DAVIS, COLLINS, SKELTON and NICHOLS, Judges.

## ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

COWEN, Chief Judge.

This is a suit for refund of $26,641.90, with interest thereon, of corporate income taxes paid by the St. Francis Hotel Corporation for its fiscal year beginning April 1, 1960, and ending March 31, 1961. The plaintiff, Western International Hotels Company, is successor through merger to the St. Francis Hotel Corporation.

Since there is no dispute between the parties over the relevant facts, the only issue to be resolved is a legal question raised by defendant's motion for summary judgment.[1] That issue is whether taxpayer's suit, filed after the expiration of 2 years from the date taxpayer filed a waiver of notice of claim disallowance, is barred by the statute of limitations as codified in Section 6532 of the Internal Revenue Code of 1954.[2] For reasons hereinafter discussed, we hold that the plaintiff's action is barred by the statute.

Taxpayer timely filed its income tax return for the period April 1, 1960, through March 31, 1961, and paid taxes totaling $331,911.53 for that tax year. The return indicated that on October 10, 1960, taxpayer sold the Mayfair Hotel in Los Angeles, California, and reported a gain on that transaction of $432,761.85. Plaintiff, however, failed to claim a deduction for depreciation on the hotel for the period of its ownership during the tax year in issue—that is, from April 1, 1960 to October 10, 1960. Therefore, on June 15, 1964, plaintiff timely filed a refund claim for $26,641.90, on the ground that it was entitled to a deduction of $55,939.60 for depreciation.

William E. Evenson, Seattle, Wash., attorney of record, for plaintiff.

Donald T. Fish, Washington, D. C., with whom was Asst. Atty. Gen. Mitchell Rogovin, for defendant; Philip R. Miller, and Joseph Kovner, Washington, D. C., of counsel.

1. Oral argument was heard from defendant only; plaintiff submitted its case on its brief alone.

2. All Internal Revenue Code citations are to 26 U.S.C. § 6532 (1964).

During this period, the Internal Revenue Service ran an audit of plaintiff's returns for the years 1960 through 1964. The only real significance of the audit proceedings, for our purposes, is the incidental role they played as a vehicle for communication between the parties on the matter now before us, for the audit itself did not expressly address the question of allowing a depreciation deduction on the Mayfair Hotel. The examination turned up a deficiency in each taxable year; however, the deficiency for the tax year April 1, 1960 to March 31, 1961, was assessed on the basis of matters unrelated to the instant claim for a depreciation deduction. On March 30, 1965, taxpayer paid the audit deficiency of $82,973.27, including interest, for the 1960–1961 period. At the same time it made this payment, plaintiff sent along to the Internal Revenue Service a statutory waiver of notice of disallowance on its depreciation deduction refund claim. That waiver was subsequently filed on April 1, 1965, with the District Director of the Internal Revenue Service, San Francisco, California. Subsequently, under a cover letter dated June 14, 1965, the District Director forwarded to plaintiff for plaintiff's files a copy of the audit report covering the period 1960 to 1964. That report contained on its first page a standard Internal Revenue Service Form 1907 entitled "Preliminary Statement" which contained spaces for, *inter alia*, the date of the report, the name of the examiner, the amount of the deficiency incurred for each taxable period, and a brief statement of "The principal causes of changes, and other information." This last space contained a brief handwritten notation indicating the reasons for the deficiencies and then noted the following "other information":

Claims for refund filed June 15, 1964 in respect to the year ending 3/31/61 and January 28, 1963 in respect to the year ending 3/31/62 have been given full consideration in this report.

Plaintiff filed its petition in this court on May 11, 1967, more than 2 years after the April 1, 1965, filing of the statutory waiver of notice of claim disallowance, but within 2 years of the June 14, 1967, letter and report from the District Director. It is plaintiff's contention that the June 14 letter and report constituted a formal notice of claim disallowance and as such, under the authority of Exchange and Sav. Bank v. United States, 226 F.Supp. 56 (D.Md.1964), marked the date from which the 2-year statute of limitations should be measured. We find that the case now before us presents facts clearly dissimilar to those before the District Court in *Exchange* and that under the provisions of Section 6532 of the Internal Revenue Code of 1954, plaintiff's action is barred by the statute of limitations.

I

Section 6532 of the Internal Revenue Code of 1954 provides in pertinent part as follows:

§ 6532. Periods of limitation on suits.

(a) Suits by taxpayers for refund.

(1) General rule.

No suit or proceeding under section 7422(a) for the recovery of any internal revenue tax, penalty, or other sum, shall be begun before the expiration of 6 months from the date of filing the claim required under such section unless the Secretary or his delegate renders a decision thereon within that time, nor after the expiration of 2 years from the date of mailing by certified mail or registered mail by the Secretary or his delegate to the taxpayer of a notice of the disallowance of the part of the claim to which the suit or proceeding relates.

(2) Extension of time.

The 2-year period prescribed in paragraph (1) shall be extended for such period as may be agreed upon in writing between the taxpayer and the Secretary or his delegate.

(3) Waiver of notice of disallowance.

If any person files a written waiver of the requirement that he be mailed a notice of disallowance, the 2-year

period prescribed in paragraph (1) shall begin on the date such waiver is filed.

> (4) Reconsideration after mailing of notice.

Any consideration, reconsideration, or action by the Secretary or his delegate with respect to such claim following the mailing of a notice by certified mail or registered mail of disallowance shall not operate to extend the period within which suit may be begun.

In this case taxpayer filled out a standard Internal Revenue Service Form 2297 entitled "Waiver of Statutory Notification of Claim Disallowance" and filed same on April 1, 1965. In addition to another claim not here in issue, taxpayer therein waived notice of claim disallowance on the June 15, 1964, refund claim for which it now seeks recovery. The waiver, dated March 30, 1965, and signed by St. Francis Hotel Corporation President Willard E. Abel, contained, in part, the following language:

> Pursuant to section 6532(a) (3) of the Internal Revenue Code of 1954, there is hereby waived the requirement under section 6532(a) (1) of the Code that a notice be sent by certified mail or registered mail of disallowance of the part of the claim(s) for credit or refund shown \* \* \* below.
>
> \* \* \* \* \* \*
>
> The taxpayer understands that the filing of *this waiver is irrevocable, and will commence the running of the two-year period* provided for in section 6532(a) (1) of the Internal Revenue Code of 1954 for filing suit for refund of the part of the claim(s) shown \* \* \* above, as if a notice of disallowance of such part had been sent to the taxpayer by certified mail or registered mail. [Emphasis supplied.]

■ The terms of the waiver unequivocally provided that the filing of that instrument was irrevocable and that the 2-year period of limitations began to run from the filing date thereof. Moreover, there was no agreement between the parties within the terms of § 6532(a) (2) to extend the period of limitations. We think, therefore, that § 6532(a) (3) operates to bar plaintiff's suit which was filed on May 11, 1967, more than 2 years after the April 1, 1965, filing of the statutory waiver.

## II

■ Plaintiff has argued that, notwithstanding the fact it initiated suit more than 2 years after it filed its waiver, this action was begun less than 2 years after defendant mailed a notice of disallowance and, therefore, the suit is timely under the authority of Exchange and Sav. Bank v. United States, supra.

*Exchange* involved a suit on several claims for refund; however, the issue, identical to the one before us, involved a determination whether the limitations of § 6532(a) (3) of the Internal Revenue Code of 1954 operated to bar taxpayer's suit on its refund claims. In that case, the Internal Revenue Service inadvertently sent to the taxpayer notices of disallowance on its claims sometime *after* taxpayer had filed a waiver of notice of disallowance. Each notice clearly identified itself as a notice of disallowance in full of the claim, and, importantly, cautioned that suit must be begun within 2 years from the date of mailing thereof. Subsequently, more than 2 years after taxpayer filed its waiver of notice but less than 2 years from the mailing of the notices of disallowance, plaintiff began suit in the District Court. In holding for the plaintiff, the District Court seized largely upon the 2-year limitation language contained in the notices of disallowance and concluded that:

> \* \* \* under the circumstances of this case the inadvertent action of the Director in sending the notices of disallowance which stated that no suit "may be begun after the expiration of two years from the date of mailing this letter", coupled with the reliance, albeit careless, by taxpayer's lawyer on that statement, estops the government from successfully asserting that

this action must be dismissed because not brought within two years after the filing of the waivers. [226 F. Supp. at 58]

Central to plaintiff's argument in the case now before us is its contention that the June 14, 1965, letter and preliminary report submitted therewith carried a notice of disallowance of claim for refund within the meaning of § 6532(a) (1). Since this action was begun within 2 years of the mailing of that letter and report, plaintiff would have us conclude, under the authority of *Exchange*, that suit has been timely filed. It is our view, however, that the June 14 letter and report did not contain a notice of disallowance within the meaning of the statute, and, even assuming *arguendo* a notice of disallowance, it was not of the kind recognized as operative in the *Exchange* holding.

In an attempt to identify a notice of disallowance in the June 14 letter and accompanying report, plaintiff has directed our attention to the "other information" notation on the preliminary statement indicating that the refund claim has "been given full consideration." We think the internal revenue laws contemplated that a notice of disallowance of a claim should be something more than an informal handwritten notation at the beginning of an audit examination report, which notation, standing alone, fails to indicate the determination of that consideration. Moreover, the June 14 form letter on its face discredits any argument that the letter or report carried a notice of disallowance. That letter, conveniently designed to expedite communications, contained, *inter alia*, five statements preceded by small boxes, each of which was to be checked when

the statement following it applied to taxpayer. The only item checked in the June 14 letter was that indicating that settlement would be accomplished by payment of the deficiencies if not already made. Among the other four statements, the item listed "Claim Disallowed In Full With No Change In Tax Liability" was *not* checked. At best, we think the report evidenced only that the refund claim had been considered or reconsidered sometime after the waiver of notice of disallowance had been filed; however, under the terms, supra, of § 6532(a) (4) the consideration or reconsideration of a claim for refund after a notice of disallowance has been mailed or a waiver of notice has been filed [3] does "not operate to extend the period within which suit may be begun."

Finally, we have already noted that, even were we to assume that the letter and report embodied a notice of disallowance, that notice would be substantially dissimilar to the ones considered by the District Court in the *Exchange* case and, therefore, outside the holding of that case. The *ratio decidendi* in *Exchange* was the fact that plaintiff received a formal notice of disallowance which expressly instructed taxpayer that it had 2 years from the date of mailing thereof to file suit. The court there felt that while plaintiff was careless to rely on the notices of disallowance rather than to gauge its time from the date of filing of the waivers, it should nonetheless not be penalized for relying on limitations language submitted to it by the government. In the case before us, the June 14 letter and accompanying report, even were they regarded as embodying a notice of disallowance, did not contain any language indicating that taxpayer had 2 years from the date of

---

3. It is clear under Treas.Reg. § 301.6532 (1954), as amended T.D. 6425, 1959–2 Cum.Bull. 384, 406, 26 C.F.R. § 301.-6532–1 (1968), that § 6532(a) (4) applies to waivers of notice as well as notices of disallowance. That regulation provides, in pertinent part, as follows: "(d) Any consideration, reconsideration, or other action with respect to a claim after the mailing by registered mail prior to September 3, 1958, or by either registered or certified mail on or after September 3, 1958, of a notice of disallowance or after the execution of a waiver referred to in paragraph (c) of this section, shall not extend the period for bringing suit or other proceeding under section 7422 (a)."

mailing thereof to file suit, and, therefore, there is absent in this case the justification found in *Exchange* for beginning the period of limitations on a date other than that of the filing of a waiver of notice of claim disallowance.

For the reasons stated above, defendant's motion for summary judgment is granted, and plaintiff's petition is dismissed.