MEMORANDUM OPINION

Lucy Gillien **MILES**

v.

**UNITED STATES of America.**

Civ. A. No. 5725.

United States District Court,
M. D. Tennessee,
Nashville Division.

Nov. 20, 1970.

Roy A. Miles, Jr., Nashville, Tenn., for plaintiff.

Charles Anderson, U. S. Atty., Nashville, Tenn., and Lawrence R. Jones, Jr., Atty., Tax Division, U. S. Dept. of Justice, Washington, D. C., for the Government.

MORTON, District Judge.

This is a suit for refund of $12,818.-84, with interest thereon, of estate taxes paid by Lucy Gillien Miles, executrix of the estate of Alfred Blackman Miles. A claim for refund was filed, dated August 22, 1966, but filed in the office of the Internal Revenue on August 24, 1966. Form No. 2297 entitled "Waiver of Statutory Notification of Claim Disallowance" dated April 22, 1968, was filed in the office of the Internal Revenue Department on April 23, 1968. On May 3, 1968, the U. S. Treasury Department issued its 30-day letter, Form L-192A, advising the taxpayer that an examination failed to disclose any basis for reducing the tax liability.

One of the notations in the 30-day letter was, "If you do not respond within 30 days from the date of this letter, we will send you a certified or registered notice formally disallowing your claims."

In the lower left-hand corner of the letter it shows enclosures—4. There are listed four enclosures which normally come out with this letter which are: examination report, acceptance (Form 3363), waiver (Form 2297), and instructions. The enclosure "Waiver (Form 2297)" was marked through, indicating that the waiver was not enclosed.

The instant suit to collect the alleged excess payment of estate taxes was filed on April 24, 1970.

Section 6532 of the Internal Revenue Code of 1954 provides in pertinent parts as follows:

"(3) Waiver of Notice for Disallowance.—If any person files a written waiver of the requirement that he be mailed a *notice of disallowance*, the two-year period prescribed in Para. (1) shall begin *on the date* such waiver is filed." (Emphasis supplied.)

As hereinbefore stated, the taxpayer filed a standard Internal Revenue Service Form 2297 entitled "Waiver of Statutory Notification of Claim Disallowance" on April 23, 1968.

It is the Court's opinion, therefore, that Sec. 6532(a) (3) operates to bar the plaintiff's suit which was filed April 24, 1970, more than two years after April 23, 1968, the date of the filing of the statutory waiver.

Plaintiff contends that notwithstanding the fact that the plaintiff initiated its suit more than two years after the filing of the waiver, this action was begun less than two years after the defendant mailed in notice of disallowance and, therefore, the suit is timely under the authority of Exchange and Savings Bank v. United States, 226 F.Supp. 56 (D.Md.1964).

The issue in *Exchange* which was identical to the one in the instant case, involved a determination whether the limitation of Sec. 6532(a) (3) of the Internal Revenue Code of 1954 operated to bar taxpayer's suit on its refund claims. In that case the Internal Revenue Service inadvertently sent to the taxpayer notices of disallowance of its claims some time after taxpayer had filed a waiver of notice of disallowance. Each notice clearly identified itself as a notice of disallowance in full of the claim and cautioned that suit must be begun within two years from the date of the mailing thereof. More than two years after the taxpayer filed his waiver of notice but less than two years after the mailing of the notices of disallowance, plaintiff began suit in the district court. The district court permitted the suit to continue, asserting that it was filed timely in that the Government was estopped by its misleading action.

In the case at bar the Government forwarded its standard 30-day letter to the taxpayer. It did not forward formal notices of disallowance. In fact, the letter forwarded to the taxpayer indicated that formal notices of allowance were separate and apart from the 30-day letter. In addition, by eliminating as an enclosure the Internal Revenue Service ·in effect called the taxpayer's attention to the fact that a waiver, Form 2297, was not being requested as was its custom. This alone should have alerted the taxpayer to the fact that the taxpayer had previously filed a waiver.

This Court is impressed with the logic and reasoning expressed in the case of Western International Hotels Co. v. United States, 339 F.2d 209, 185 Ct.Cl. 188 (1968) and adopts the rationale expressed therein.

For the reasons stated above, defendant's Motion for Summary Judgment is granted and the plaintiff's petition is dismissed.