68

**William I. NASH and Marjorie Nash, Plaintiffs,**

v.

**The UNITED STATES of America, Defendant.**

**Civ. No. 71–0–347.**

United States District Court, D. Nebraska.

Sept. 18, 1972.

Truman Clare, Omaha, Neb., for plaintiffs.

William K. Schaphorst, U. S. Atty. for District of Nebraska, Douglas G. Anderson, Washington, D. C., for defendant.

MEMORANDUM AND ORDER

DENNEY, District Judge.

This matter comes before the Court upon motion of the defendant (hereafter Government) to dismiss the action [Filing #8]. Pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, the motion will be treated as one for summary judgment under Rule 56.

Plaintiffs filed their tax return for the year 1965 on or about June 15, 1966. On January 30, 1967, taxpayers filed a claim for refund for $3,288.03, alleging that they had overpaid their income taxes because they had treated income from the sale of certain real property as ordinary income rather than a capital gain. On May 9, 1968, a final notice of disallowance of the claim was prepared as a letter to the taxpayers. The Government, by affidavits of the appropriate I.R.S. personnel, asserts that such notice was mailed by certified mail to the taxpayers on that date. Prior to April 15, 1969, taxpayers' counsel contacted the I.R.S. to determine if a claim for refund had ever been filed and obtained a negative reply. On April 16, 1969, the I.R.S. received a second claim identical to the

first, which was duly disallowed on December 7, 1970. This suit was filed on September 24, 1971.

At issue is 26 U.S.C.A. § 6532, which provides in part:

(a) Suits by taxpayers for refund.—

(1) General rule.—No suit or proceeding under section 7422(a) for the recovery of any internal revenue tax, penalty, or other sum, shall be begun before the expiration of 6 months from the date of filing the claim required under such section unless the Secretary or his delegate renders a decision thereon within that time, nor after the expiration of 2 years from the date of mailing by certified mail or registered mail by the Secretary or his delegate to the taxpayer of a notice of the disallowance of the part of the claim to which the suit or proceeding relates.

(2) Extension of time.—The 2-year period prescribed in paragraph (1) shall be extended for such period as may be agreed upon in writing between the taxpayer and the Secretary or his delegate.

(3) Waiver of notice of disallowance.—If any person files a written waiver of the requirement that he be mailed a notice of disallowance, the 2-year period prescribed in paragraph (1) shall begin on the date such waiver is filed.

(4) Reconsideration after mailing of notice.—Any consideration, reconsideration, or action by the Secretary or his delegate with respect to such claim following the mailing of a notice by certified mail or registered mail of disallowance shall not operate to extend the period within which suit may be begun.

The Government argues that the 2 years allowed for the suit in § 6532(a)(1) expired on or about May 9, 1970, and that the requirement being jurisdictional in nature the motion should be sustained. The taxpayers contend that the Court does have jurisdiction because the taxpayers did not receive the May 9, 1968, notice of disallowance and that, in any event, the taxpayers have been misled by the Government and such estopped the Government to plead the statute of limitations.

 Neither of the arguments of the taxpayers is persuasive. The statute requires only mailing of notice of disallowance, not receipt. 26 U.S.C.A. § 6532(a)(1). Consideration of the second claim, since it was identical to the first, did not operate to toll the statute. 26 U.S.C.A. § 6532(a)(4), Campbell v. United States, 310 F.Supp. 154 [W.D. Ark.1969], Harvard Trust Company v. United States, 262 F.Supp. 860 [D. Mass.1967].

 However, summary judgment should not be granted if there remains a genuine issue as to any material fact. Here, there remains an issue as to whether or not the notice of disallowance of May 6, 1968, was mailed by registered or certified mail, as required by 26 U.S.C.A. § 6532(a)(1), so as to be effective notice and begin the running of the statute. The affidavits of the I.R.S. personnel show that such was the regular procedure, but not that it was positively done in this case. It will be for the trier of facts to decide whether or not that procedure was followed in this particular instance.

Thus, the Court is obligated to find that defendant's motion for summary judgment is overruled.

It is so ordered.