**Ned MILLER and Frances Miller**

**v.**

**UNITED STATES of America.**

**No. 69 C 715.**

United States District Court,
E. D. New York.

Oct. 23, 1973.

---

Frederick & Goglio, Mineola, N. Y., by Leonard Feldman, New York City, for plaintiffs.

Robert M. Adler, Dept. of Justice, Washington, D. C., for defendant.

## MEMORANDUM DECISION

COSTANTINO, District Judge.

This is an action for a refund of income taxes brought by plaintiffs Ned and Frances Miller. An audit of the Millers' joint 1957 Income Tax Return in 1966 resulted in a determination of a deficiency of $37,923.75. An assessment was made and the amount was paid in full by the Millers. On May 13, 1966 the Millers filed a claim for a refund. The case was tried to the court on April 5, 1973, decision being reserved and leave given to counsel to submit post trial briefs.

At issue are two questions. First, has the statute of limitations run on the claim for a refund, and second, if it has not, was the transaction involved here a loan from a corporation controlled by Mr. Miller as plaintiff contends, or was it a taxable dividend as the Internal Revenue Service believes. A finding of fact on the second question is unnecessary as the court finds that plaintiffs are barred by the statute of limitations from bringing this action. The court finds the following facts and conclusions of law dispositive of this case.

Whether the Millers ever filed a "Form 2297" Waiver of Statutory Notification of Claim Disallowance, is the threshold question. The form itself cannot be found. The claim for refund was made on May 13, 1966 and on November 8, 1966 a letter written by Mr. Irving Frederick, attorney for the Millers in this suit, was received by Mr. William Krebs, Revenue Agent for the Internal Revenue Service, which said:

November 7, 1966

In re: Ned and Frances Miller

Claim for Refund—Year 1957

Gentlemen: Enclosed herein please find Form 2297, waiver of statutory notification of claim disallowance, executed by the above named clients.

Very truly yours,

Irving Frederick.

Mr. Frederick testified at the trial that he "must have" sent the waiver but that

it could have been for other 1957 claims by the Millers. He suggested that Mr. Krebs may have been trying to "get something else out of the way." While it is true that Mr. Miller had two other potential claims for 1957, it appears from the record that they were never filed and therefore waivers would have been unnecessary.

In addition, there are two notations in Mr. Krebs' files on this case which bear on the question of the waiver's existence. On the "Examining Officer's Activity Record" next to "11/8" it says, "2297 Received." On the "Transmittal Letter" dated "11/23/66" the following appears: "Taxpayer has signed and submitted Form 2297 waiving statutory notice of claim disallowance."

On December 14, 1966 the Millers' claim was rejected and a "30-day letter" was sent to the Millers. On January 9, 1967 they filed a protest with the Appellate Division of the Internal Revenue Service and the disallowance of the claim was sustained. On May 20, 1968 a "statutory notification of claim disallowance" was issued which included the following sentence:

> If you still disagree, and wish to begin suit or proceeding for the recovery of any taxes, penalties, or other moneys for which this notice of disallowance is issued, the law requires you to do so within two years from the mailing date of this letter.

The Millers' suit was filed on June 20, 1969—within two years of the "statutory notification of claim disallowance" but not within two years of the alleged filing of the waiver on November 8, 1966.

The first question to be resolved is whether the waiver ever existed. It seems unlikely that Mr. Frederick would have submitted the above quoted cover letter if there was no waiver accompanying it. Mr. Krebs' notations further buttress this conclusion. While no physical waiver has been found, the court has considered the documentary evidence and weighed the testimony of Mr. Mill-

er, Mr. Frederick, and the Internal Revenue agent, and notwithstanding the failure of Mr. Frederick and Mr. Miller to recollect having sent it, this court has reached the conclusion that the waiver was indeed submitted.

The next question is whether the Millers were entitled to rely on a letter sent by Moe J. Kaplan, Internal Revenue Service Appellate Conferee in this case, on May 20, 1968, to determine the date from which the statute of limitations ran and whether the government is therefore estopped from pleading the statute of limitations. The Internal Revenue Code, 26 U.S.C. § 6532(a)(3) reads:

> If any person files a written waiver of the requirement that he be mailed a notice of disallowance, the 2-year period prescribed in paragraph (1) [time for bringing a suit for refund] shall begin on the date such waiver is filed.

26 U.S.C. § 6532(a)(4) reads:

> Any consideration, reconsideration, or action by the Secretary or his delegate with respect to such claim following the mailing of a notice by certified mail or registered mail of a disallowance shall not operate to extend the period within which suit may be begun.

Treasury Regulation 26 C.F.R. § 301.-6532–1(c) provides:

> The taxpayer may sign a waiver of the requirement that he be mailed a notice of disallowance. Such waiver is irrevocable. . . .

Treasury Regulation 26 C.F.R. § 301.-6532–1(d) provides:

> [A]ny consideration, reconsideration, or other action with respect to a claim after the mailing by registered mail . . . of a notice of disallowance or after the execution of a waiver referred to in paragraph (c) of this section, shall not extend the period for bringing suit or other proceeding under section 7422(a).

■ The Millers contend that since no mention of a waiver is made in §

6532(a)(4) of the statute, the Regulation making the statute of limitations non-extendable when a period is initiated by waiver is "not authorized." They cite Dixon v. United States, 381 U.S. 68, 85 S.Ct. 1301, 14 L.Ed.2d 223 (1964) and other cases to support their position that administrative regulations which differ from the supporting statutes are ineffective. The court in *Dixon* quoted the general rule from Manhattan General Equipment Co. v. Commissioner, 297 U.S. 129, 56 S.Ct. 397, 80 L.Ed. 528 (1936):

> The power of an administrative officer or board to administer a federal statute and to prescribe rules and regulations to that end is not the power to make law—for no such power can be delegated by Congress—but the power to adopt regulations to carry into effect the will of Congress as expressed by the statute. . . . And not only must a regulation, in order to be valid, be consistent with the statute, but it must be reasonable. *Id.* at 134, 56 S.Ct. at 400.

It is clear that waivers and statutory notices of disallowance are given similar effect—both start the statute of limitations running—and for the Regulation to include waivers is not at all "inconsistent" with the statute, nor is it unreasonable. The Regulation indicates that the statute of limitations ran from November 8, 1966 and was irrevocable and this court so holds.

On May 20, 1968 a statutory notice of disallowance was sent purporting to give the Millers two years to file an action. The testimony of Mr. Kaplan, the appellate conferee, as brought out on cross-examination by the Millers, indicates that he did not know that the waiver had been executed, could not explain how he overlooked the notations in the file and would not have sent the notice with the above quoted sentence had he known of the waiver. The Millers assert that the government is estopped from pleading the statute of limitations because of the action of Mr. Kaplan in sending that notice.

Initially, 26 C.F.R. 301.6532–1(d) says that further consideration of a claim cannot extend the statute of limitations. The Millers rely on two cases, Exchange and Savings Bank of Berlin v. United States, 226 F.Supp. 56 (D.Md.1964) and Walsonavich v. United States, 335 F.2d 96 (3d Cir. 1964), to show that the actions of government officials in sending notices like the one at issue here, will extend the statute of limitations by estopping the government from asserting the statute. They argue that the government's action caused others to rely on the representations made. The Millers assert that *Exchange and Savings Bank* is identical to the present suit. It is similar, but it has one important difference. There, the attorney who relied on the statutory notice of disallowance was not representing the claimants when the waiver was executed and did not know that it had been executed. Here, not only was Mr. Frederick the attorney representing the Millers at the time the waiver was sent, it was he who sent it. He had full knowledge of its existence and cannot now assert lack of knowledge as could the attorney in *Exchange and Savings Bank*. The facts in Walsonavich v. United States, 335 F.2d 96 (3d Cir. 1964) differ considerably from those in the present case. There a greater need for the estoppel was shown as the Commissioner of Internal Revenue had entered into a consent agreement to extend the period of limitations for testing a questionable tax. Reliance on that agreement by the taxpayers estopped the government from pleading the original statute of limitations. To extend that principal to this case would do violence to the holding there, would be unreasonable, and would be contrary to the clear statutory intent of Congress in enacting section 6532(a)(3).

The case law in the Second Circuit is clear in its requirement of strict adherence to the statutory rules. Einson-Freeman Co. v. Corwin, 112 F.2d 683 (2d Cir. 1940); Golden Gate Motor Inn, Inc. v. United States, 27 Am.Fed. Tax R.2d 799 (E.D.N.Y. Feb. 19, 1971).

In both cases the court ruled that the statute of limitations ran from the first rejection of the taxpayer's claim for refund and subsequent consideration by the Internal Revenue Service would not "establish that it was a new claim for the purposes of applying [the] statute of limitations." *Golden Gate* at 802.

Accordingly, in this case estoppel is not an appropriate reply to the defense of statute of limitations. The action by the Millers is therefore barred by the statute of limitations and this court lacks jurisdiction to rule on the merits of the plaintiffs' allegations.

The above opinion will constitute findings of fact and conclusions of law pursuant to Fed.R.Civ.P. 52(a).