**Pauline HARN and Pauline Harn as surviving Spouse of Harry B. Harn, Deceased, and as Transferee under Will of Harry B. Harn, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. 73-0-439.**

United States District Court, D. Nebraska.

May 10, 1974.

Daniel J. Duffy, Omaha, Neb., for plaintiff.

Evelyn Leopold, Washington, D. C., for defendant.

MEMORANDUM OPINION

DENNEY, District Judge.

This matter comes before the Court upon motion of the defendant to dismiss. [Filing #4].

Plaintiff is surviving spouse of Harry B. Harn. During 1966, after the death of Harry B. Harn, his former employer voluntarily gave plaintiff $14,698.96, a sum in excess of any amount due Harry B. Harn or plaintiff. Plaintiff filed a joint Federal Income Tax Return for 1966 on behalf of herself and her de-

ceased husband. Upon audit, the I.R.S. assessed a deficiency against the return for $1,637.27. The assessment was based upon the I.R.S.'s determination that the amount received from the former employer should be treated as income and not a gift.

Having paid the assessment, together with $212.85 interest, on July 14, 1969, plaintiff filed a claim for refund with the I.R.S. on June 24, 1971. According to an affidavit of plaintiff's counsel, Mr. Daniel J. Duffy, sometime during early November, 1971, Mr. Duffy was contacted by Ms. R. M. Baumgarten, of the office of the District Director of the Internal Revenue Service, Omaha, Nebraska. Ms. Baumgarten advised Mr. Duffy that she was considering taxpayer's claim for refund. She asked whether or not Mr. Duffy was aware of any significant developments in the law or the position of the I.R.S. with respect to the issue involved. Mr. Duffy said he was not. Ms. Baumgarten inquired as to whether or not this claim was presented as a prerequisite to filing suit. Mr. Duffy said that it was.

Ms. Baumgarten then stated that she would forward a Form 2297 (Waiver of Statutory Notification of Claim Disallowance) and asked that Mr. Duffy have it signed by the taxpayer in order to expedite her handling of the claim. Mr. Duffy agreed to do so, with the understanding that Ms. Baumgarten would file the Form 2297 and send Mr. Duffy an informal notice showing the date on which the disallowance was made and the Form 2297 filed. The signed Form 2297 was received by the I.R.S. on December 2, 1971.

On December 23, 1971, Mr. Duffy received a letter from the District Director of the Internal Revenue Service, Omaha, Nebraska, stating that the Director found insufficient grounds for reducing the tax liability. This sort of letter is referred to as a "30-day letter" by the I.R.S. and it is in effect informal notice of the disallowance of the claim. On December 11, 1973, this suit was filed.

Defendant's motion to dismiss is based upon 26 U.S.C. § 6532, which places a two year statute of limitation on suit for refunds and provides that where a taxpayer files a written waiver of formal notice of disallowance the two year period begins to run on the date the waiver is filed. In opposition, plaintiff argues that the defendant should be estopped to plead the limitation on the ground that the taxpayer relied on the representation of Ms. Baumgarten that informal notice of when the waiver was filed would be furnished to Mr. Duffy; that the "30-day letter" constituted such notice; and that plaintiff relied on such notice in filing the lawsuit.

The Court finds for the Government. Assuming arguendo the power of Ms. Baumgarten to bind the defendant by estoppel, Walsonavich v. United States, 335 F.2d 96 [3rd Cir. 1964], the short answer is that Ms. Baumgarten did not complete her agreement and give any informal notice of the date the waiver was filed. The 30-day letter contains no such reference to the date the waiver was filed. The only thing the taxpayer could have relied upon was the "30-day letter" itself. Such reliance is misplaced by a taxpayer and the two year statute must be enforced by the Court. Miller v. United States, 365 F.Supp. 383 [E.D. N.Y.1973].

An order sustaining defendant's motion and dismissing this case will be entered this date.