**Eugene L. SMITH and Mary M. Smith, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**No. Civ. 80–0–634.**

United States District Court,
D. Nebraska.

March 19, 1982.

Robert V. Dwyer, Jr., Omaha, Neb., for plaintiffs.

Richard H. Gregory, III, Tax Atty., Dept. of Justice, Washington, D. C., for defendant.

## MEMORANDUM OPINION

SCHATZ, District Judge.

### INTRODUCTION

This is a civil action seeking refund of $1,001.66 in self-employment taxes paid by Eugene L. Smith to the United States for the calendar year ending December 31, 1974. Jurisdiction is conferred upon this Court by 28 U.S.C.A. § 1346(a)(1). On January 18, 1982, the defendant, United States of America (United States or defendant), moved for a judgment of dismissal with prejudice of plaintiff's complaint. On January 26, 1982, the plaintiffs, Eugene L. Smith and Mary M. Smith (Smiths or plaintiffs), moved for judgment in the amount of $1,001.66, plus interest at the statutory rate thereon and a reasonable attorney fee. In support of their cross-motions for judgment, both the Smiths and the United States rely upon the following documents:

1) Stipulation signed by the parties and filed on December 17, 1981;

2) Exhibit Nos. 1–7 attached to defendant's motion to dismiss, which exhibits the parties have agreed may be accepted into evidence; and

3) Request for admissions propounded by defendant, together with the Smiths' answers to such request.

This matter is now ripe for disposition. Having reviewed the pleadings, exhibits and briefs of the respective parties, the Court now enters this memorandum opinion as its findings of fact and conclusions of law in conformity with Fed.R.Civ.P. 52(a).

### FACTS

1) During calendar year 1974, Eugene L. Smith distributed Pepsi-Cola products for a living. On April 9, 1975, Eugene L. Smith and his wife, Mary M. Smith, executed a joint federal income tax return covering the period January 1, 1974, through December 31, 1974. Said tax return was filed on the basis of treating Eugene L. Smith as a self-employed individual rather than as an employee of Pepsi-Cola. As a result, the Smiths completed Schedule C (Profit or

Loss from Business or Profession) and Schedule SE (Computation of Social Security Self-Employment Tax).

2) The self-employment tax reported by Eugene L. Smith for calendar year 1974 was $1,001.66. Plaintiffs' total reported income tax liability for that year, including self-employment tax, was $3,507.73. After claiming tax credits of $1,265.32 for amounts which had been withheld from Mary M. Smith's wages during 1974, plaintiffs paid the balance of $2,242.41 on April 15, 1975, when they filed their return.

3) On April 5, 1976, the Smiths filed with the Internal Revenue Service (IRS) a claim for refund (Form 843) of the self-employment taxes Eugene L. Smith had reported for 1974. At the same time, the Smiths also filed refund claims for amounts allegedly overpaid in 1972 and 1973. The stated ground for plaintiffs' 1974 tax refund claim was: "Pepsi-Cola was charged Social Security Taxes year 1973 as Gov. ruled I was an employee." No other documentation was submitted.

4) In July of 1977, the Smiths' refund claims for 1972, 1973 and 1974 were examined by the IRS, which prepared a corrected report of income tax audit changes. Plaintiffs' claim for a refund of $1,001.66, representing self-employment taxes paid for 1974, was denied.

5) On July 15, 1977, the Smiths signed a Waiver of Statutory Notification of Claim Disallowance (Form 2297) relative to their 1974 tax refund claim. On the same date, plaintiffs accepted a decrease in their taxes for 1972 and 1973 by signing the audit changes form referred to above.

6) Although their claim for a refund of allegedly overpaid 1974 self-employment taxes had been disallowed pursuant to an IRS determination dated July 15, 1977, the Smiths resubmitted said claim on April 16, 1978. By letter dated October 26, 1978, the IRS again disallowed in full plaintiffs' claim.

7) For the years 1972 and 1973, the IRS took the position that route drivers performing functions similar to those performed by Eugene L. Smith were employees of Pepsi-Cola Bottling Co. of Omaha, Inc. With respect to the year 1974, the IRS expressed no position on the status of route drivers. Pepsi-Cola has not been charged for employment taxes with respect to payments made by Pepsi-Cola to Eugene L. Smith during 1974. No taxes have been assessed, and no amounts have been withheld by or collected from Pepsi-Cola in this regard. Employment taxes were collected from Pepsi-Cola for 1972 and 1973, but said taxes were subsequently refunded to the corporation pursuant to Section 530 of the Revenue Act of 1978.

8) The parties agree that Eugene L. Smith could properly have been treated as an employee of Pepsi-Cola during 1974 under Section 3121(d) of the Internal Revenue Code, 26 U.S.C.A. § 3121(d).

## DISCUSSION

Since there is no dispute between the parties over the relevant facts, the only issues to be determined by this Court are the legal questions raised by the cross-motions for judgment filed herein. Those issues may be stated as follows: (1) whether plaintiffs' suit was filed within the time limits prescribed by Section 6532 of the Internal Revenue Code, 26 U.S.C.A. § 6532; and (2) whether the fact that plaintiffs resubmitted their refund claim on April 16, 1978, extended the time in which plaintiffs could file suit. For reasons hereinafter discussed, the Court holds that the Smiths' action is barred by the statute of limitations as codified in 26 U.S.C.A. § 6532.

The Internal Revenue Code of 1954 clearly sets forth the prerequisites to, and time frame for, the filing by taxpayers of refund actions. 26 U.S.C.A. § 7422(a) provides that no suit or other court proceeding for the recovery of any internal revenue tax may be maintained until a claim for refund has been duly filed with the Secretary or his delegate. Title 26 U.S.C.A. § 6532, at issue here, provides in pertinent part:

(a) Suits by taxpayers for refund.—

(1) General rule.—No suit or proceeding under section 7422(a) for the recovery

of any internal revenue tax, penalty, or other sum, shall be begun before the expiration of 6 months from the date of filing the claim required under such section unless the Secretary or his delegate renders a decision thereon within that time, nor after the expiration of 2 years from the date of mailing by certified mail or registered mail by the Secretary or his delegate to the taxpayer of a notice of the disallowance of the part of the claim to which the suit or proceeding relates.

(2) Extension of time.—The 2-year period prescribed in paragraph (1) shall be extended for such period as may be agreed upon in writing between the taxpayer and the Secretary or his delegate.

(3) Waiver of notice of disallowance.— If any person files a written waiver of the requirement that he be mailed a notice of disallowance, the 2-year period prescribed in paragraph (1) shall begin on the date such waiver is filed.

In the present case, the Smiths executed a standard "Waiver of Statutory Notification of Claim Disallowance" on July 15, 1977. By filing said waiver, plaintiffs admittedly relinquished their right to be sent written notice that their claim for a refund of 1974 self-employment taxes had been disallowed. The waiver form in question contains the following language: "I understand that the filing of this waiver is irrevocable and it will begin the 2-year period for filing suit for refund of the claims disallowed as if the notice of disallowance had been sent by certified or registered mail."

■ The terms of the waiver signed by the Smiths unequivocally provided that the applicable two-year period of limitations began to run from the filing date thereof. *See Western International Hotels Co. v. United States*, 399 F.2d 209, 212 (Ct.Cl. 1968). Moreover, the Court is aware of no agreement between the parties within the terms of 26 U.S.C.A. § 6532(a)(2) to extend the limitations period. Therefore, the period for filing suit on the refund claim for which plaintiffs now seek recovery expired on or about July 15, 1979, two years after the filing of the statutory waiver. The

Smiths filed this tax refund action on October 21, 1980.

In an effort to avoid the bar imposed by the statute of limitations, plaintiffs contend that the waiver filed on July 15, 1977, was fatally defective because it identified the tax for which notice of disallowance was being waived as an "income" tax rather than an "employment" tax. The Smiths assert that, as a result of such alleged classification error, their waiver failed to comply with applicable Treasury Regulations and should have been treated as a nullity by the IRS. Plaintiffs would have this Court hold that the waiver filed on July 15, 1977, was invalid and insufficient to commence the two-year period of limitations with respect to plaintiffs' refund claim for 1974 self-employment taxes.

■ Plaintiffs' argument is totally without merit. First, the tax imposed on self-employment income, included as Chapter 2 of Subtitle A (Income Taxes) of the Internal Revenue Code, is a type of income tax. 5 Mertens, *Law of Federal Income Taxation* § 27.28 (1980 ed.). The description of the kind of tax on the Smiths' waiver form as "income" was, therefore, correct. Second, plaintiffs have admitted that they knew the refund claim specified in their 1977 waiver related to self-employment taxes reported by Eugene L. Smith for calendar year 1974. As a result, no ambiguity whatsoever inhered in the waiver of notice in question. *See Smith v. United States*, 478 F.2d 398, 399–400 (5th Cir. 1973) (notices of disallowance which clearly stated the tax year involved, type of tax, amount of refund sought and fact of disallowance were sufficient to start the running of the limitations period, despite taxpayers' contention that the notices did not describe the tax year involved with sufficient specificity). Third, the Smiths have failed to demonstrate that they were misled or prejudiced by the tax characterization appearing on the waiver form.

The second issue to be addressed herein, namely, whether the Smiths' resubmission of their refund claim for 1974 self-employment taxes in April of 1978 operated to

extend the time within which a court action could properly be filed, may be quickly resolved. The Court notes that the April 5, 1976, claim and the April 16, 1978, claim concern identical subject matter.

"It is well established that a second claim for a refund asserting the same grounds as the first does not extend the two-year period in which a suit must be filed." *Union Commerce Bank v. United States*, 638 F.2d 962, 963 (6th Cir. 1981). *Accord, Bauer v. United States*, 594 F.2d 44, 47 (5th Cir. 1979) (any subsequent refund claim based on grounds properly disposed of in a prior disallowance notice could not toll the running of the statute); *Allstate Ins. Co. v. United States*, 550 F.2d 629, 633 (Ct.Cl.1977) (repetition of the identical grounds set forth in the previously disallowed refund claim in a new claim is a nullity); *Kelson v. United States*, 503 F.2d 1291, 1293 (10th Cir. 1974) (reconsideration of a tax refund claim does not extend the period within which a taxpayer suit may be brought); *Stratmore v. United States*, 463 F.2d 1195, 1197 (3d Cir. 1972) (if taxpayer fails to bring a lawsuit within two years of the notice of disallowance, the matter is at an end); *Western International Hotels v. United States, supra*, 399 F.2d at 212 (taxpayer held barred from suing for a refund more than two years after filing the statutory waiver of notice of claim disallowance); *Nash v. United States*, 58 F.R.D. 68, 69 (D.Neb.1972) (consideration of a second refund claim identical to an earlier claim which had been disallowed did not toll the limitations statute).

In light of the foregoing decisions, the Court finds that the claim for refund of 1974 self-employment taxes which was refiled by the Smiths on April 16, 1978, and disallowed by the IRS on or about October 26, 1978, did not serve to extend the period for filing a court action beyond July 15, 1979. As stated by the Court of Appeals in *Stratmore v. United States, supra*, "We think that the purpose of the statute [26 U.S.C.A. § 6532(a)] would be contravened were we to hold that a claim that has been rejected and then not pursued can be raised again by affixing it to a second and later claim." 463 F.2d at 1197.

For the reasons stated above, this Court holds that the Smiths' action, filed after the expiration of two years from the date plaintiffs filed a valid waiver of notice of claim disallowance, is barred by the applicable statute of limitations. Title 26 U.S.C.A. §§ 6532(a)(1) and 6532(a)(3). A separate order granting defendant's motion for judgment (Filing No. 13), denying plaintiffs' motion for judgment (Filing No. 14) and dismissing the complaint with prejudice, will issue contemporaneously with this memorandum.