Guy E. BEARDSLEY, Jr., and Katherine K. Beardsley, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civ. No. 4525.

United States District Court, D. Connecticut.

Oct. 29, 1954.

Benjamin Hinman, Shipman & Goodwin, Hartford, Conn., for plaintiffs.

Simon S. Cohen, U. S. Atty., Robert M. FitzGerald, Asst. U. S. Atty., Hartford, Conn., for defendant.

SMITH, Chief Judge.

The defendant has moved to dismiss on the ground that the plaintiff did not satisfy the requirements of paragraph (2) of Section 3772(a), 26 U.S.C.A. in that the plaintiffs failed to begin their action within two years from the mailing by the Internal Revenue Commissioner of a notice of disallowance of the claim to which the suit relates.

The facts have been stipulated and may be summarized as follows: the plaintiffs duly paid their income taxes for the year 1946; in 1950 they filed a claim for refund as provided by law; on or about April 26, 1951 the plaintiffs received a notice of disallowance of said claim after an examination by an Internal Revenue Agent, but such notice was issued without previously apprising the plaintiffs of the Revenue Agent's report, either by furnishing the plaintiffs or their attorneys with such report or by issuance of the customary thirty day letter; on or about May 1951 the plaintiffs through their attorney inquired of the Acting Assistant Collector of Internal Revenue at Hartford as to why notice of disallowance had issued without any opportunity to protest; the Acting Assistant Collector informed them that a clerical error had been made, that a regular thirty day letter would issue, and that the notice of disallowance might be ignored; a course of negotiation was carried on between plaintiffs and the Revenue Agents culminating in a letter "reaffirming" the disallowance, dated June 19, 1953; the complaint was filed June 27, 1953, approximately two months after the two year period running from April 26, 1951.

To meet the government's assertion that they are barred by the limitation in Section 3772(a) (2), the plaintiffs develop an argument that such section is not applicable because there was a withdrawal or revocation of the notice.

The government's position is based on the amendment to the statute effective June 22, 1936, Sec. 807, 49 Stat. 1745. That amendment added what is in substance paragraph (3) of Sec. 3772(a) which reads:

"Any consideration, reconsideration, or action by the Commissioner with respect to such claim following the mailing of a notice by registered mail of disallowance shall not operate to extend the period within which suit may be begun."

The facts in this case would appear at first blush to fall within the wording of the statute.

There are cases supporting the idea that the key date for starting the two year period running is the date of mailing the notice of disallowance, regardless of the propriety of its issuance. See Clinton Trust Co. v. U. S., 1943, 52 F.Supp. 671, 100 Ct.Cl. 348, and John F. Jelke Co. v. Smietanka, 7 Cir., 86 F.2d 470, decided November 27, 1936, but construing the pre-amendment statute.

In support of the plaintiffs' contention, it should be noted that the statute does not in specific terms prohibit withdrawal, revocation, or cancellation of the notice by the Commissioner.

To the argument that the Commissioner should therefore be deemed to have the power, the government answer appears to be that Congress took cognizance of the possibility of error, but gave the claimant two years in which to get administrative relief or bring suit, and that subsections (2) and (3) of Sec. 3772 when read together are a prohibition against withdrawal.

Plaintiffs cite two cases, Roe v. U. S., 1948, 77 F.Supp. 1010, 112 Ct.Cl. 224, and Schmitt v. Kavanagh, D.C.E.D.S.D. Mich.1950, 91 F.Supp. 659, for the proposition that what appears to be a proper notice on its face may be regarded as ineffective by the courts in certain circumstances.

It is admitted that these cases are distinguishable in some regards from this one but the principle has application here.

It appears that Congress intended to preclude the extension of the period by the Commissioner's further consideration of the matter after the notice had been sent in the regular course.

If literally enforced, however, in a case such as this, which did not proceed in the regular course, since the notice had been sent after inadvertent omission of one usual step in the process of consideration, and where completion of consideration in regular course took more than two years from the time of the original notice, the result is unfairness to the taxpayer which could not have been intended by the Congress.

The Commissioner in effect withdrew the original notice by going back in the process to a stage prior to the time for giving notice, which stage had been omitted, and proceeding from that point. Both parties evidently so construed his action. In the absence of specific prohibition of such action the Court should not forbid it.

The effective date for notice of disallowance in this case is that of the notice of "reaffirmance". This action was commenced promptly after that date, and must be held timely.

The motion to dismiss is denied.