These petitions for income tax refunds come before the court on defendant’s motion to dismiss based on the statute of limitations, and plaintiffs’ opposition thereto. We conclude that the defendant is estopped from raising the bar of the statute of limitations and therefore deny the Government’s motion to dismiss.
Deficiencies were determined with respect to plaintiffs’ income tax liabilities for the years 1969 and 1970. The plaintiffs paid the deficiencies and the accrued interest. On December 18, 1975, plaintiffs filed claims for refund of $10,063.05 for 1969 and $7,695.21 for 1970, plus interest. On May 21, 1976, the Service sent two letters to the plaintiffs by certified mail. These letters notified them that their refund claims were disallowed. The letters incorrectly listed the date on which plaintiffs had filed their claims for refund as December 31, 1975.
In order to correct these errors, the Service sent two additional letters to plaintiffs on July 27, 1976. These letters were marked "corrected copy” at the top, and listed the filing date correctly as December 18, 1975. Both the letters sent in July and those sent in May were form letters which advised the taxpayers of the disallowance and stated clearly that "[t]he law permits you to [file suit for a refund] within two years from the mailing date of this letter.” (emphasis added).
Plaintiffs filed their refund suits in this court on July 25, 1978. This was over two years from the mailing date of the first letters sent by the Service, but was within two years from the mailing date of the corrected letters sent in July.
The issue presented is which mailing date controls for purposes of I.R.C. § 6532(a)(1). The Government argues that *583 plaintiffs were notified of the disallowance of their claims by the certified letters mailed May 21, 1976. It contends that the letters mailed on July 27, 1976, had no effect on the commencement of the two year period. Plaintiffs respond that the letters mailed in July superseded and replaced the May notices, and that the Government is estopped from pleading the bar of the statute of limitations.
The Government urges us to ignore the confusion engendered by its actions, and to apply mechanically the provisions of I.R.C. § 6532 so as to deny plaintiffs any hearing on their substantive claims. We do not believe, that I.R.C. § 6532 mandates such a harsh result. We agree with the plaintiffs that under the circumstances of this case the doctrine of equitable estoppel should be applied. We hold that the defendant is estopped from pleading the bar of the statute of limitations. Cf. Emeco Industries, Inc. v. United States, 202 Ct. Cl. 1006, 485 F.2d 652 (1973); Nager Electric Co. v. United States, 184 Ct. Cl. 390, 396 F. 2d 977 (1968).
I.R.C. § 6532(a)(1) states the general rule that no refund suit may be brought after the expiration of two years from the date of mailing by certified or registered mail of a notice of disallowance of the part of the claim to which the suit relates. The confusion in these cases arises because the Service sent two sets of notices of disallowance with significantly different mailing dates. We cannot agree with the defendant that by typing the words "corrected copy” at the top of the July notices the ambiguity and confusion were cured. In reading and acting on the information in the July notices, the plaintiffs were not unreasonable in believing that the Service, in issuing corrected notices, was substituting new dates for those previously sent.
The Government argues, however, that I.R.C. § 6532(a)(4) precludes our consideration of plaintiffs’ reasonable reliance. That section states that after the mailing of a notice of disallowance, any consideration, reconsideration, or other action by the Service in respect to the claim shall not extend the limitations period. The Government made the same argument in Miller v. United States, 500 F.2d 1007 (2d Cir. 1974). In that case the plaintiffs executed a waiver of notice of disallowance pursuant to I.R.C. § 6532(a)(3). That section provides that the period of limitations begins *584 on the date the waiver is filed. After the waiver was filed, however, the Service inadvertently sent the plaintiffs a notice of disallowance pursuant to I.R.C. § 6532(a)(1). The Government contended that I.R.C. § 6532(a)(4) applied, and therefore the inadvertent mailing of the notice of disal-lowance had no effect on the running of the two year statutory period from the date of the filing of the waiver of notice of disallowance.
The court in Miller rejected the contentions of the Government, and held that I.R.C. § 6532(a)(4) only applied to informal reconsideration by the Service after it had issued a formal disallowance or the taxpayer had filed a waiver. Id. at 1010. It held that the Government was estopped from raising the bar of the statute of limitations.
We agree with that analysis. In these cases the Service issued two sets of formal notices of disallowance. If the Service, after issuing the May notices, had telephoned the plaintiffs to advise them of the errors in the listing of the date of filing, we do not doubt that plaintiffs would be barred by I.R.C. § 6532(a)(4) from claiming that such an informal action extended the period of limitations. In the instant situation, however, when two formal actions are involved, I.R.C. § 6532(a)(4) does not apply.
Finally, the Government contends that it cannot be estopped in these cases because if the corrected notices of disallowance are interpreted as enlarging the limitations period, the issuance would contravene I.R.C. § 6532(a)(1) (i.e. over two years). We agree that an action by a governmental agent which is in contravention of controlling statute cannot create an estoppel against the Government. I.R.C. § 6532(a)(2), however, authorizes written agreements between the taxpayers and the Secretary or his delegate which extend the two year period of limitations. Thus, obviously, all enlargements of the limitations period do not contravene I.R.C. § 6532(a)(1). We cannot say, therefore, that the Service’s action here in issuing a corrected set of disallowances was in contravention of statute. See Miller at 1010; Exchange and Savings Bank of Berlin v. United States, 226 F. Supp. 56, 58 (D. Md. 1964).
In summary, we find that the Government set in motion the chain of events which underlies the plaintiffs’ confusion about the running of the statute of limitations. *585 Plaintiffs’ reliance on the July notices of disallowance was not unreasonable. Under the circumstances, plaintiffs were relatively blameless in their assumption that they had two years from the mailing date of the July notices to file these petitions. It would be overly harsh to deny these plaintiffs their day in court. We conclude that the Government is estopped from raising the earlier deadline as a bar to these actions.
Accordingly, it is ordered, upon consideration of all the parties’ submissions, but without oral argument, that defendant’s motion to dismiss is denied.