Taxes; suit for refund; limitation of actions; effect of lack of date on notice of disallowance of administrative claim.— On April 25, 1980 the court entered the following order:
Before Friedman, Chief Judge, Kunzig and Smith, Judges.
This is a tax refund suit. The defendant has moved to dismiss on the ground that the suit was not filed within 2 years of the date of mailing of the notices of disallowance of plaintiffs claims for refund as section 6532(a)(1) of the Internal Revenue Code of 1954 requires. We agree with the defendant that the suit was not timely filed and dismiss the petition.
The plaintiff filed its claims for refund in April 1977. On September 22, 1977, the Internal Revenue Service sent to the plaintiff by certified mail written notices of disallo-wance of the claims. The suit was filed on October 1, 1979.
Section 6532(a)(1) provides:
No suit or proceeding under section 7422(a) for the recovery of any internal revenue tax, penalty, or other sum, shall be begun before the expiration of 6 months from the date of filing the claim required under such section unless the Secretary renders a decision thereon within that time, nor after the expiration of 2 years from the date of mailing by certified mail or registered mail by the Secretary to the taxpayer of a notice of the disallowance of the part of the claim to which the suit or proceeding relates.
Since the present suit was filed more than 25 months after the notices of disallowance were filed, it is untimely.
The sole ground upon which plaintiff seeks to avoid the bar of section 6532(a)(1) is that the notices of disallowance were not dated. The statutory requirement, however, is that *789 the suit be filed within 2 years of the mailing of the notice, and if the suit was not so filed, it is immaterial whether the notice was dated. The records of the Internal Revenue Service show that the notices, although not dated, were mailed on September 22, 1977. The plaintiff does not contend that it did not receive the notices shortly thereafter, and offers no excuses for its failure to file a timely petition. Indeed, even if the notice had been dated, that date would not necessarily have been the date on which it was mailed.
The cases upon which plaintiff relies are distinguishable because they involve a situation in which, as a result of the government’s sending contradictory or unnecessary notices, the taxpayer was uncertain on which of two dates the limitation period began to run. In Heath v. United States, 219 Ct. Cl. 582 (1979), the Service sent the taxpayers two notices of disallowance. The first letter was sent on May 21 and the second on July 27. Both sets of letters informed the taxpayers that they could file a refund suit within 2 years of "the mailing date of this letter.” The taxpayers filed suit within 2 years of the mailing of the second letter, which was more than 2 years after the mailing of the first letter. The court held that the government was equitably estopped from pleading the statute of limitations because "[i]n reading and acting on the information in the July notices, the plaintiffs were not unreasonable in believing that the Service, in issuing corrected notices, was substituting new dates for those previously sent.”
Similarly, in Miller v. United States, 500 F.2d 1007 (2d Cir. 1974), the taxpayers waived a formal notice of disallo-wance, and under the Code the date of such waiver was the date on which the statute of limitations began to run. Subsequently, however, the Service inadvertently sent the taxpayers a notice of disallowance. The suit was filed within 2 years of the mailing of the notice which was more than 2 years after the taxpayers had waived notice. Noting that the "taxpayers’ reliance on the erroneously issued disallo-wance notice was not unreasonable,” the court held that "the government is estopped from raising the earlier deadline as a bar to this action.” Id. at 1011. See also *790 Exchange and Savings Bank of Berlin v. United States, 226 F. Supp. 56, 58 (D. Md. 1964).
In the present case, in contrast, the Service sent the plaintiff only a single notice of disallowance, so that the plaintiff could not have been confused about which of two deadlines applied. The plaintiff had no basis for assuming that the notices it received had not been sent a few days before their receipt or that the mailing of those notices had not started the running of the statute of limitations. The defendant’s motion to dismiss is granted, and the petition is dismissed.