**Clay AMBROSE**

v.

**The UNITED STATES.**

No. 128–83T.

United States Claims Court.

Jan. 30, 1984.

Clay Ambrose, pro se.

Michael V. Marino, Washington, D.C., with whom is Asst. Atty. Gen. Glenn L. Archer, Jr., Washington, D.C., for defendant.

## ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

### OPINION

SETO, Judge.

In this action, plaintiff seeks a refund of federal individual income taxes for the calendar year 1976. Plaintiff contends that his signature was forged on a joint tax return filed by his estranged wife and on the refund check received therefrom. He now asserts that, despite the prior refund, he is entitled to a refund of the amount withheld for tax purposes from his salary during 1976.

Defendant, in lieu of an answer, filed a motion for summary judgment. Defendant contends that this court lacks jurisdiction in this case because plaintiff's claim is statutorily time-barred. For the reasons set forth herein, the court treats defendant's motion for summary judgment as a motion to dismiss. Because plaintiff's complaint was filed subsequent to the end of the statutory time limit during which actions for tax refunds may be brought in this court, our jurisdiction is precluded, and defendant's motion to dismiss is granted.

## FACTS

On February 19, 1977, the Internal Revenue Service (IRS) office in Memphis, Tennessee, received an income tax return for plaintiff [1] and his wife (Linda L. Ambrose) for the 1976 tax year. A copy of the return shows that: (1) under "Filing Status," the box labelled "Married filing joint return" was checked; (2) the return was prepared (and appropriately signed) by a commercial tax service agent; and (3) the return was apparently signed by plaintiff and his wife. A refund in the amount of $726.00 was claimed. According to IRS records, a check for that amount was sent to Nicholasville, Kentucky on March 28, 1977. A copy of the check indicates that it was endorsed by plaintiff and his wife.

On September 8, 1977, the IRS received an amended *individual* income tax return from plaintiff. The amended return reflected only plaintiff's 1976 wages and proportionately reduced the amounts shown on the earlier-filed joint return. On the basis of his salary alone, plaintiff claimed a refund of $443.69. In a signed, attached statement, plaintiff declared: (1) that he was an inmate of a federal prison in Sandstone, Minnesota; (2) that he had separated from his wife on January 8, 1977; and (3) that he had neither signed, nor authorized the signing of his name on, the joint return or the joint refund check.

In a form letter dated June 2, 1978, the IRS informed plaintiff that his claim had been disallowed. Plaintiff was requested to sign and return both an agreement to the disallowance and a "Waiver of Statutory Notification of Claim Disallowance." Plaintiff signed and dated these forms on July 1, 1978, and June 23, 1978, respectively.

---

1. Plaintiff was, and still is, incarcerated at all times relevant to this action.

Plaintiff filed his *pro se* complaint in this court on March 8, 1983, along with a motion for leave to proceed *in forma pauperis* and for appointment of counsel. The motion was allowed to the extent that a filing fee was required. Thereafter, in lieu of an answer, defendant filed its motion for summary judgment.

## DISCUSSION

█ Defendant's motion states two alternative reasons why the court should dismiss plaintiff's complaint, both of which are directed to this court's jurisdiction over the claim. Because this court must, absent proper jurisdiction, dismiss plaintiff's complaint, *see, e.g., Stanley v. Central Intelligence Agency*, 639 F.2d 1146, 1157 (5th Cir. 1981), a finding of lack of jurisdiction would preclude any consideration of the merits of plaintiff's claim. A decision granting a motion for summary judgment, on the other hand, is an adjudication on the merits of a claim. *Id.; see also* RUSCC 56. When, as here, a motion for summary judgment is based on a defense more condignly raised by a motion to dismiss or by a responsive pleading, *see* RUSCC 12(b), it is appropriate to treat the motion as one for dismissal. Therefore, defendant's motion in the case at bar is deemed one for dismissal rather than for summary judgment. *See Fidelity and Deposit Company of Maryland v. United States*, 2 Cl.Ct. 137, 142–143 and nn. 11. 12 (1983) [GIBSON, J.].

In the brief accompanying its motion, defendant maintains that this court lacks jurisdiction over plaintiff's claim either because: (1) the joint return filed for 1976 was valid and the claimed amount was paid, through circumstances whereby plaintiff has no cause of action under 28 U.S.C. § 1491; or (2) the claim was brought after the end of the two-year period allowed for the initiation of such actions and therefore plaintiff's claim is barred by 26 U.S.C. (IRC) § 6532. Since this court concludes that plaintiff's claim for a refund is time-

barred, we need not address defendant's first argument.[2]

The procedures and limitations for obtaining a refund of individual federal income taxes are generally as follows. A taxpayer who believes a refund is payable to him must first file a claim for the refund. IRC § 7422(a). The purpose of this is to alert the IRS that a claim is asserted and to allow, if possible, an administrative disposition of the claim without the attendant delay and costs of litigation. *See, e.g., Lorenz v. United States*, 296 F.2d 746, 155 Ct.Cl. 751 (1961). A claim to the IRS for a refund must be made either within three years of the date on which a return is filed or within two years of the date on which the tax was paid, whichever is later. IRC § 6511(a). A withholding tax is deemed paid on the 15th day of the fourth month after the close of the taxpayer's tax year. IRC § 6513(b)(1). Plaintiff's September 8, 1977, filing of an amended return (Form 1040X) was therefore timely.

The fact that plaintiff's filing with the IRS was timely does not, however, assist him with his complaint in this court. The time within which a suit for a refund must be initiated is stated in IRC § 6532(a), which reads in pertinent parts:

(a) *Suits by taxpayers for refund.—*

(1) *General rule.*—No suit or proceeding under section 7422(a) for the recovery of any internal revenue tax, penalty, or other sum, shall be begun ... after the expiration of 2 years from the date of mailing by certified mail or registered mail by the Secretary or his delegate to the taxpayer of a notice of the disallowance of the part of the claim to which the suit or proceeding relates.

\*        \*        \*        \*        \*        \*

(3) *Waiver of notice of disallowance.* —If any person files a written waiver of the requirement that he be mailed a

---

**2.** Moreover, a ruling on the validity and effect of the joint return would necessitate a determination of whether, as plaintiff asserts, plaintiff's signature on the return and endorsement on the refund check are forgeries. Such a determination is expressly obviated by our characterization of defendant's motion and our ruling on the issue of jurisdiction.

notice of disallowance, the 2-year period prescribed in paragraph (1) shall begin on the date such waiver is filed.

\* \* \* \* \* \*

As stated before, plaintiff signed a waiver of notice of disallowance (of his claim in his amended return) on June 23, 1978. The notice bears a stamp indicating that it was received by the IRS on June 26, 1978. The waiver of notice contains the following sentence:

> I understand that the filing of this waiver is irrevocable and it will begin the two-year period for filing suit for refund of the claims disallowed as if the notice of disallowance had been sent by certified or registered mail.

Plaintiff therefore was, or should have been, clearly aware that a suit challenging the disallowance had to have been initiated no more than two years after the waiver was filed, i.e., on or before June 23, 1980. Plaintiff failed to meet his deadline, waiting instead until March 1983 to file his complaint in this court. Plaintiff has not adduced, nor has the court been able to find, any pertinent statutes or circumstances which would toll the running of the two-year limitation period. A requirement that a suit against the Government be filed within a defined period is a jurisdictional one, *Demo v. United States,* 3 Cl.Ct. 349, 352 (1983) [WHITE, J.], citing *Kirby v. United States,* 201 Ct.Cl. 527, 539 (1973), *cert. denied* 417 U.S. 919, 94 S.Ct. 2626, 41 L.Ed.2d 224 (1974), and, therefore, this court may not consider any substantive claim that plaintiff may have.

### CONCLUSION

The procedures established by statutes pursuant to which a party may bring a suit in this court for the refund of federal income taxes clearly and ineluctably establish time limits for bringing such a suit. In this case, the two-year limitation period established by IRC § 6532(a) began to run, at the latest, on June 26, 1978. Plaintiff's complaint was filed in this court more than four and a half years thereafter. This court is therefore without jurisdiction in this matter and may not consider any supplemental issues raised. Defendant's motion, deemed herein to be a motion to dismiss, is GRANTED, and the complaint is to be DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED.