**James SARTORI, David Sartori, Willowbrook Coal Company, and Willowbrook Farms, Plaintiffs,**

v.

**The UNITED STATES, Defendant.**

**No. 98–553L.**

United States Court of Federal Claims.

Nov. 4, 2003.

Kenneth G. Oertel, Tallahassee, FL, for plaintiffs.

Susan V. Cook, Washington, DC, with whom was Assistant Attorney General Thomas L. Sansonetti, for defendant.

## *ORDER*

MILLER, Judge.

This case is before the court on defendant's motion to dismiss Counts II and IV of plaintiffs' complaint for failure to state a claim, RCFC 12(b)(6), and Count III for lack of subject matter jurisdiction, RCFC 12(b)(1). Plaintiffs own a tract of land that the Government determined to be a wetland subject to federal control. The cognizant federal agencies ordered plaintiffs to cease activities on the land, which plaintiffs claim constituted an inverse condemnation, a breach of contract, a deprivation of substantive due process, and an action barred by equitable estoppel. The issue to be decided is whether the court has jurisdiction over the last three claims. Argument is deemed unnecessary.

## FACTS

The facts derive from the complaint. In 1989 James Sartori purchased a 1,280–acre parcel of real property in Highlands County, Florida (the "parcel"). The 1,280–acre parcel is part of a larger tract of land owned by Mr. Sartori, David Sartori, Willowbrook Coal Company and Willowbrook Farms ("plain-

tiffs").[1] When Mr. Sartori purchased the parcel, it was used for grazing, an activity that he intended to continue. Mr. Sartori undertook maintenance activities on the parcel, which included clearing vegetation and grading ditches.[2] In response to plaintiffs' activities, the U.S. Army Corps of Engineers (the "Corps") issued a Cease and Desist Order on November 1, 1993, threatening civil and criminal liability if Mr. Sartori continued. Mr. Sartori responded by seeking a declaration from the U.S. Environmental Protection Agency (the "EPA") whether the parcel was wetlands subject to federal jurisdiction.

The EPA visited the parcel in January 1994 and informed plaintiffs that it considered the parcel to be wetlands. Plaintiffs hired a consulting ecologist, Kevin L. Erwin, to determine whether the parcel constituted a wetland. Mr. Erwin met with EPA employees who discussed and approved the methodology that he was to employ. Mr. Erwin determined that the parcel did not contain wetlands and submitted his findings to the Corps and EPA on October 12, 1994. Defendant denies that Mr. Erwin utilized the EPA approved methodology. EPA issued Mr. Sartori a cease and desist order on December 22, 1994, thereby preventing all activities on the parcel.

It is disputed whether Mr. Sartori halted his activities on the parcel after either the order from the Corps or EPA. The Government filed a complaint against plaintiffs on March 12, 1998, in the United States District Court for the Southern District of Florida alleging violations of the Clean Water Act (the "CWA") and the Corps and EPA orders. Final judgment was entered in favor of plaintiffs in the present action on January 8, 2002. At no time has the Government instituted eminent domain proceedings over the parcel, nor compensated plaintiffs for taking an interest in the parcel.

Plaintiffs complain in the present action of inverse condemnation (Count I), breach of contract (Count II), deprivation of substantive due process (Count III), and equitable estoppel (Count IV). Defendant answered Count I, but seeks to dismiss Counts II and IV for failure to state a claim, RCFC 12(b)(6), and Count III for lack of subject matter jurisdiction, RCFC 12(b)(1).

## DISCUSSION

### 1. Standard of review

Plaintiff's complaint grounds subject matter jurisdiction under the Tucker Act, 28 U.S.C. § 1491(a)(1) (2000), which authorizes the Court of Federal Claims to "render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort."

■ Jurisdiction under the Tucker Act, 28 U.S.C. § 1491(a)(1), is strictly defined, such that courts are "not empowered to engraft additional limitations on the Court of [Federal] Claims' exercise of its jurisdiction." *Martinez v. United States*, 333 F.3d 1295, 1306 (Fed.Cir.2003) (en banc). The Tucker Act itself does not provide a substantive cause of action; rather, a plaintiff must cite elsewhere to a substantive cause of action in order to proceed. *United States v. Testan*, 424 U.S. 392, 397–98, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976); *Collins v. United States*, 67 F.3d 284, 286 (Fed.Cir.1995).

When a federal court reviews the sufficiency of the complaint, whether for failure to state a claim or for lack of subject matter jurisdiction, "its task is necessarily a limited one." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer*, 416 U.S. at 236, 94 S.Ct. 1683. This court adheres to "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no

---

1. Plaintiffs claim the total size of their property is 6,000 acres; defendant counters, 8,300 acres.

2. Plaintiffs claim these activities began in 1993; defendant counters, 1992.

set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *accord Conti v. United States,* 291 F.3d 1334, 1338 (Fed.Cir.2002).

Under RCFC 12(b)(6), the court must accept as true the facts alleged in the complaint, *Davis v. Monroe County Bd. of Educ.,* 526 U.S. 629, 633, 119 S.Ct. 1661, 143 L.Ed.2d 839 (1999), and must construe all reasonable inferences in favor of the non-movant, *Sommers Oil Co. v. United States,* 241 F.3d 1375, 1378 (Fed.Cir.2001). Therefore, this court must deny a motion under RCFC 12(b)(6) if relief can be granted "under any set of facts that could be proved consistent with the allegations." *NOW, Inc. v. Scheidler,* 510 U.S. 249, 256, 114 S.Ct. 798, 127 L.Ed.2d 99 (1994) (citing *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984)).

### 2. *Breach of contract*

Defendant moves to dismiss Count II, breach of contract, for failure to state a claim. Plaintiffs and the EPA disputed whether the parcel was a wetland under federal jurisdiction. Plaintiffs allege that the EPA, in order to settle the dispute, "suggested" that Mr. Sartori provide the EPA with the services of an independent wetlands expert who could determine if the parcel was a wetland. Compl. filed July 1, 1998, ¶ 22. Plaintiffs further allege that the EPA "impliedly offered to be bound by the result [of the expert's findings], much like submitting to arbitration." *Id.* Mr. Sartori hired Mr. Erwin, who met with EPA officials to determine the proper methodology to be used. Mr. Erwin determined that the parcel was not a wetland under the CWA.

Following the determination by Mr. Erwin, the EPA continued to assert that the parcel was a wetland under federal jurisdiction. Plaintiffs allege the EPA's reversal of its position after receiving Mr. Erwin's report to be a breach of an implied contract that has caused monetary damage by preventing plaintiffs from using the parcel for agricul-

tural purposes. Defendant interposes the factual defense that plaintiffs' unnamed EPA official lacked authority to bind the Government.

■ "The purpose of [RCFC 12(b)(6)] is to allow the court to eliminate actions that are fatally flawed in their legal premises and destined to fail." *Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc.,* 988 F.2d 1157, 1160 (Fed.Cir.1993). To establish a contract with the Government, plaintiffs must show (1) mutuality of intent to contract; (2) consideration; (3) lack of ambiguity in offer and acceptance; and (4) actual authority of the government representative whose conduct is relied upon to bind the Government in contract. *Lewis v. United States,* 70 F.3d 597, 600 (Fed.Cir.1995).

The United States federal Government employs almost 3,000,000 civilians.[3] If every Government employee, through one's personal volition, could bind the Government to contract, federal obligations would be uncontrollable. *City of El Centro v. United States,* 922 F.2d 816, 820 (Fed.Cir.1990). To avoid such a disastrous result, the law requires that a Government agent have actual authority to bind the Government in a contract. *Monarch Assurance P.L.C. v. United States,* 244 F.3d 1356, 1360 (Fed.Cir.2001). The necessary corollary of this principle "is that any party entering into an agreement with the Government accepts the risk of correctly ascertaining the authority of the agents who purport to act for the Government." *Id.* This rule of risk-shifting is so certain that it applies even where the "agent himself may have been unaware of the limitations upon his authority." *Federal Crop Ins. Corp. v. Merrill,* 332 U.S. 380, 384, 68 S.Ct. 1, 92 L.Ed. 10 (1947).

■ Plaintiffs have not named the EPA official who offered to be bound by Mr. Erwin's determination. Furthermore, plaintiffs have not alleged that the EPA official with whom they allegedly dealt had actual authority to bind the Government to an interpretation of law. Absent this vital element of a

---

**3.** The most recent estimate is 2,710,000 civilian employees. U.S. Office of Personnel Mgmt., The

Fact Book 8 (2002).

contract with the Government, Count II of plaintiffs' complaint must be dismissed for failure to state a claim upon which relief can be granted, because it would be impossible for plaintiffs to prove that actual authority existed for an agent whom they cannot identify.

Were the only defect the failure to associate a name with the alleged promissor official, the court would not grant defendant's motion to dismiss, but would entertain a motion for summary judgment. Binding authority requires that the official be named. *Operational Manuals, Inc. v. United States*, 205 Ct.Cl. 854, 856, 1974 WL 21805 (1974); *Housing Corp. of America v. United States*, 199 Ct.Cl. 705, 711–12, 468 F.2d 922, 925 (1972). Although these cases were not sufficient to uphold a ruling for the Government on summary judgment in a prior case where plaintiff could not identify a government promissor, *see Haber v. United States*, 8 Cl.Ct. 371 (1985), *rev'd and remanded*, 831 F.2d 1051 (Fed.Cir.1987), a grant of summary judgment still would be a more appropriate vehicle to reaffirm the authority of this binding precedent.[4] However, plaintiffs' failure to allege actual authority in the case at bar is fatal to their claim. *See Trauma Serv. Group v. United States*, 104 F.3d 1321, 1327 (Fed.Cir.1997); *City of El Centro*, 922 F.2d at 820.

3. *Deprivation of substantive due process*

Plaintiffs complain that they were deprived the use of the parcel during the time the EPA claimed that it was a wetland. Plaintiffs further allege the deprivation was a violation of substantive due process as the EPA acted without a rational basis for claiming the parcel was a wetland when the only study, performed by Mr. Erwin, determined that it was not a wetland. Defendant moves to dismiss this claim, Count III, as beyond the subject matter jurisdiction of this court.

The Tucker Act, 28 U.S.C. § 1491(a)(1), authorizes the Court of Federal Claims to "render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort."

■■■■ "[T]here is no jurisdiction under the Tucker Act over a Due Process claim unless it constitutes an illegal exaction." *Casa De Cambio Comdiv S.A. De C.V. v. United States*, 291 F.3d 1356, 1363 (Fed.Cir. 2002). An illegal exaction under the Fifth Amendment only occurs where the Government has retained or improperly exacted money from the claimant. *Id.* While a claim for improper exaction under the Fifth Amendment may provide the court with jurisdiction, a claim of the due process violation alone is not sufficient to render jurisdiction. *Collins v. United States*, 67 F.3d 284, 288 (Fed.Cir.1995). "This is so because the due process clause does not obligate the government to pay money damages." *Id.*

■■■ Plaintiffs have not alleged that the Government improperly exacted or retained money from them. Rather, plaintiffs' claim is based on a deprivation of their property interest in the parcel. Although this claim by plaintiffs is based solely on the Fifth Amendment, it does not stem from an alleged improper exaction of money. Therefore, it is a claim that is beyond the subject matter jurisdiction of the court.

4. *Equitable estoppel*

Count IV of plaintiff's complaint alleges that the EPA was estopped from rejecting the wetlands determination by Mr. Erwin. Plaintiffs claim that the EPA implied that it would accept the expert's findings and, through that implication, is equitably estopped from taking a contrary position. Defendant moves to dismiss count IV for failure to state a claim under RCFC 12(b)(6).[5]

---

4. After a one-day trial following remand, the one testifying witness for plaintiff acknowledged, as he had on summary judgment, that he did not know the name of the promissor official. The court found for defendant, and this time the ruling was upheld. *Haber v. United States*, 17 Cl.Ct. 496 (1989), *aff'd*, 904 F.2d 45 (Fed.Cir. 1990) (unpubl.).

5. Defendant further moves to dismiss Count IV for mootness, but fails to explicate its reasons for

■ The Supreme Court has declined to adopt a broad rule barring equitable estoppel claims against the Government. *Office of Pers. Mgmt. v. Richmond,* 496 U.S. 414, 423–24, 110 S.Ct. 2465, 110 L.Ed.2d 387 (1990). In the Federal Circuit, a claim for equitable estoppel against the Government will prevail only where the court finds affirmative conduct. *Zacharin v. United States,* 213 F.3d 1366, 1371 (Fed.Cir.2000) (citations omitted). However, "the precise circumstances under which a claim of equitable estoppel is available against the United States are not completely settled." *Frazer v. United States,* 288 F.3d 1347, 1353 (Fed.Cir.2002).

■ Similar to a claim for breach of contract, the Government cannot "be bound by the mistaken representations of an agent unless it [is] clear that the representations were within the scope of the agent's authority." *Office of Pers. Mgmt.,* 496 U.S. at 419–20, 110 S.Ct. 2465. Thus, plaintiffs' claim for equitable estoppel suffers from the same failure as their claim for breach of contract. The government agent with whom plaintiffs interacted is not identified, but the critical deficiency on a motion to dismiss is plaintiffs' failure to plead that the government agent was authorized to make the claimed promise.

## CONCLUSION

Accordingly, based on the foregoing,

**IT IS ORDERED**, as follows:

1. Defendant's motion to dismiss Counts II and IV is granted, and Counts II and IV shall be dismissed with prejudice for failure to state a claim when the court directs the Clerk of the Court to enter final judgment.

2. Defendant's motion to dismiss Count III is granted, and Count III shall be dismissed without prejudice when the court directs the Clerk of the Court to enter final judgment.

3. A scheduling order has been entered separately.

such a motion. As mootness is not addressed in defendant's motion, it is not addressed by the court.